# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6048 | **DATE** | April 25, 2011 |
| **CASE TITLE** | Millsapp vs. Moreci et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel [22] is denied without prejudice. Plaintiff is reminded that his response to Defendant's motion to dismiss is due by June 17, 2011.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff, a pretrial detainee at the Cook County Jail ("Cook County"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging that the conditions of his confinement at Cook County from March 2010 to July 2010 violated his constitutional rights. (R. 6.) In January 2011, the parties consented to this court's jurisdiction. (R. 10.) The following month, on February 14, 2011, Defendant Daniel Moreci moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 16.) The court ordered Plaintiff to file a response to the motion by March 14, 2011. (R. 18.) On March 14, 2011, Plaintiff asked for three more months to prepare his response to the motion to dismiss. (R. 20.) The court granted the motion and permitted Plaintiff until June 17, 2011, to file his response. On April 11, 2011, Plaintiff filed a motion asking the court to appoint an attorney to represent him in this civil action. (R. 22.) Plaintiff's request is based on allegations that the law library at Cook County is inadequate and that he is unable to gain access to the materials he needs to prepare his response. Plaintiff did not identify the particular materials he has been unable to review.

Plaintiff's motion for appointment of counsel is denied without prejudice. Civil litigants do not have a constitutional or statutory right to an attorney. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The court may exercise its discretion and "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)). However, the court must consider certain factors before deciding whether to appoint counsel to a pro se litigant. As a threshold matter, the court must "determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Id.* at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must next consider whether: (1) the pro se litigant appears competent to litigate the case himself given the difficulty or complexity of the case; and (2) the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

## STATEMENT

Here, Plaintiff failed to demonstrate that he made any effort to retain counsel on his own. Even if Plaintiff satisfied this threshold inquiry, the court concludes that appointment of counsel is not warranted at this time. In its current stage, Plaintiff's case does not involve complex issues, complex discovery, or the need for an evidentiary hearing. His case involves a relatively straightforward claim regarding the conditions of his confinement during a five-month period and whether those conditions amounted to a constitutional violation. Also, the court does not believe that an appointment of counsel would affect the outcome of this case.

Plaintiff's primary argument in support of his request for appointed counsel is that he has difficulty accessing legal materials in his current place of confinement. The court is cognizant that library access can be inconsistent for detained pro se litigants, and thus has already granted Plaintiff four months to file a response to the motion to dismiss. Also, the court's ruling on Defendant's motion to dismiss will be based on a liberal construction of Plaintiff's pro se complaint. *See Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). For all of these reasons, Plaintiff's motion for appointment of counsel is denied without prejudice.